**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **MARY LEE DELAHOUSSAYE** | **CIVIL ACTION NO. 07-1325** |
| **KEITH LAMONT DELAHOUSSAYE** | |
| **DANIELLE DELAHOUSSAYE JONES** | **JUDGE HAIK** |
|       *Plaintiffs* | |
| **VS.** | **MAGISTRATE JUDGE METHVIN** |
| | |
| **APOTEX CORP.** | |
| **APOTEX, INC.** | |
|       *Defendants* | |

*MEMORANDUM RULING*
(Rec. Doc. 50)

Defendants Apotex, Inc. and Apotex Corp. ("Apotex") removed this case to this court from the 15th JDC, Lafayette Parish, on August 14, 2007, based upon diversity of citizenship. Before the court is plaintiffs' motion for leave to file first amended and supplemental complaint to add two non-diverse defendants. Apotex opposes the motion.[1]

### *Findings and Conclusions*

#### *Background*

This matter arises out of the June 12, 2006 death by suicide of Donald D. Delahoussaye.[2] On June 11, 2007, plaintiffs filed with the Louisiana Commissioner of Administration a medical malpractice complaint against psychiatrist Edgardo R. Concepcion, M.D. and Dr. Concepcion & Associates Therapeutic Center, Inc.[3] Plaintiffs allege that Dr. Concepcion and the Center negligently caused Mr. Delahoussaye's death by prescribing paroxetine, a generic version of

---

[1] The motion *sub judice* was filed on August 26, 2008 (Rec. Doc. 50). Apotex filed an opposition September 19 and a supplemental brief on October 23 (Rec. Docs. 54, 60). Plaintiffs filed a reply brief on October 29 (Rec. Doc. 62).

[2] Petition for Damages, Rec. Doc. 1-2, para. 24.

[3] Petition for Damages, Rec. Doc. 1-2.

Paxil®, without warning him or his family of its risks of suicidal behavior and failing to adequately monitor Mr. Delahoussaye for signs of suicidal behavior.

On June 14, 2007, plaintiffs filed a Petition for Damages in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, against Dr. Concepcion, the Center, and Apotex, the manufacturer of paroxetine.

On June 18, 2007, plaintiffs voluntarily dismissed Dr. Concepcion and the Center from the state court action pending completion of the state-mandated review by the medical panel. On August 14, 2007, Apotex removed the case to this court.

On November 29, 2007, plaintiffs moved for leave to amend their complaint to add the Center as a non-diverse defendant. Plaintiffs stated they had been notified by the Patient's Compensation Fund (PCF) that the Center was "non-qualified," and thus was not subject to the medical panel review process. This court ultimately denied the motion after being informed that the PCF had reversed its position, finding that the Center *was* qualified and subject to the medical panel review process. Accordingly, the motion to amend was deemed premature pending the conclusion of the medical review panel.[4]

On June 27, 2008, the medical review panel concluded its review. On August 26, 2008, plaintiffs timely filed the instant motion, seeking to join Dr. Concepcion and the Center as defendants. Joinder of these defendants would destroy diversity and require a remand to state court.

On October 2, 2008, plaintiffs filed a civil action against Dr. Concepcion and the Center in the Fifteenth Judicial District for the State of Louisiana.

---

[4] Rec. Doc. 49.

*Legal Analysis*

As noted above, plaintiff's original state court petition included claims against all three defendants. Plaintiffs voluntarily dismissed Dr. Concepcion and the Center pending the state-mandated review by a medical panel. Apotex removed the suit once it was the only remaining defendant. Plaintiffs contend that since the claims against the Center and Dr. Concepcion arise out of the same transaction or occurrence as their claims against Apotex, they will be prejudiced if they are forced to litigate their claims separately in state court and federal court.[5]

Apotex contends that the purpose of plaintiffs' motion to amend is to defeat federal jurisdiction, and therefore, the motion should be denied. According to Apotex, the plaintiffs themselves created a "dual track" situation by filing their state court petition before the medical review process was complete.[6]

Title 28 U.S.C.A. §1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Fifth Circuit has held that the court must balance "the defendant's interests in maintaining the federal forum with the

---

[5] Plaintiffs argued in their original motion that Dr. Concepcion and the Clinic are indispensable parties. In their subsequently filed reply, plaintiffs impliedly and correctly concede that Dr. Concepcion and the Center are *not* indispensable parties but instead contend that they should be permissively joined under Fed. R. Civ. P. 20. *See* Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7, 111 S. Ct. 315, 316 (1990) (holding that a doctor against whom medical malpractice was alleged was not an indispensable party in a lawsuit against the manufacturer of an allegedly defective medical device).

[6] Apotex contends that there would be no issue as to prescription of plaintiffs' claims against either Dr. Concepcion, the Clinic, or Apotex. La. R.S. 40:1299.479(2)(A) provides that prescription is suspended during the pendency of a claim before the medical review panel until 90 days after the panel's notification of their opinion as to the claim. The statute provides in pertinent part that prescription is suspended "against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review." It is unnecessary to reach the issue of prescription as whether plaintiff created the dual track situation is non-dispositive to the outcome of the decision.

competing interests of not having parallel lawsuits." <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179,

1182 (5th Cir. 1987).

> The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rule 20 permits joinder of proper parties. In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

<u>Id.</u>  In this case, it is clear that the <u>Hensgens</u> factors weigh in favor of allowing plaintiffs to re-join

as defendants Dr. Concepcion and the Center.  Each will be addressed in turn.

**Dilatory Conduct/Purpose of Amendment**

Apotex argues that plaintiffs' conduct has been dilatory, evidenced by the fact that their

proposed amendment was not filed until August 26, 2008, when their right to file accrued as early as

June 27, 2008.  Apotex further complains that plaintiffs have failed to propound discovery or to

answer Apotex's discovery propounded on June 6, 2008.  Apotex asserts that plaintiffs' real purpose

is to defeat federal jurisdiction.

The record shows that the proposed amendment was filed within 60 days of plaintiffs'

notification of the panel's opinion.  Furthermore, this is the *second* time plaintiffs have sought to

join Dr.Concepcion and the Clinic.  The previous motion to amend was found to be premature

pending completion of the medical review panel proceedings.  Moreover, as Apotex admits, the

pleading was filed well before the October 27, 2008 deadline for the joinder of parties and

amendment of pleadings. Thus, the undersigned finds that plaintiffs have not been dilatory in this respect.

As to plaintiffs' alleged failure to participate in discovery, Apotex has not filed a motion to compel, and this issue has never been before the court. Plaintiffs' action or inaction does not necessarily support a *per se* finding of dilatory conduct since discovery disputes arise commonly in the course of litigation due to many factors, not always dilatory conduct. The undersigned therefore finds Apotex has not sufficiently shown that this plaintiffs have been dilatory in this regard, and this factor does not weigh in Apotex's favor.

Based on the foregoing, the undersigned concludes that plaintiffs' conduct has not been dilatory, and their intention in joining the medical providers is not solely to defeat federal jurisdiction but to litigate all claims arising out of the death of Donald Delahoussaye in one forum.

**Risk of Injury to Plaintiffs/Other Equitable Considerations**

In deciding whether to allow a plaintiff to amend to add a non-diverse party, the court must balance the defendant's interest in maintaining the federal forum with the competing interest of not having parallel lawsuits proceeding in federal and state court. Hensgens, *supra;* Denton v. Critikon, Inc., 137 F.R.D. 236, 237 (M.D.La.1991). Apotex urges that it will be prejudiced if the amendment is allowed because it will not be able to recoup its time and expense spent litigating in this court, and it will lose its March, 2009 trial date.

Apotex relies heavily on Denton, Id., and Miller v. Dow Corning Corp., 771 F. Supp. 1171 (M.D. La.1990), two decisions rendered by Judge Polozola in the Middle District of Louisiana. In these decisions, the court disallowed the proposed joinder of medical providers to a federal products liability action, finding that product liability actions are distinct from medical negligence

actions, and that the plaintiff could go forward in state court against the doctor without prejudice.[7] However, the facts in these cases are distinct.  In <u>Miller</u>, discovery had progressed substantially. Here, while there has been some discovery, Apotex admits that discovery propounded to plaintiffs has not been answered and depositions are yet to be scheduled pending plaintiffs' responses.[8]  Thus, significant discovery remains ahead.  Moreover, the parties can agree to use the completed discovery in the state case.

Furthermore, this case presents an issue which was not addressed in <u>Denton</u> or <u>Miller</u>.  Here, Apotex has alleged that plaintiffs' damages were caused through the fault of persons other than Apotex.[9]  In the event the instant motion is denied and plaintiffs must litigate separately against Apotex on the one hand, and the Center and Dr. Concepcion on the other, the respective defendants will each likely point to the "proverbial empty chair" at trial.  Should the amendment be denied,

---

[7] Judge Polozola wrote:

> A review of the original and proposed amended complaint reveals that plaintiff's cause of action against the original defendants is based on products liability law while plaintiff's action against the hospital is based on medical malpractice. It is doubtful that the hospital is a joint tort feasor with the original defendants under Louisiana law. Thus, if the amendment is not allowed and plaintiff is forced to pursue his action against the Medical Center of Baton Rouge in state court, the actions in the federal court and the state court in this case would not be parallel and a judgment in one case is not binding on the other case. The evidence and legal standards to be applied in these two proceedings will be different. In the action against the Medical Center of Baton Rouge, plaintiff must prove the defendant was negligent and that its negligence caused plaintiff's injuries. The action against the two original defendants, on the other hand, is a products liability action. Plaintiff in that action will have to prove that the product was unreasonably dangerous for normal use at the time it left the factory, and that this "defect" in the product caused plaintiff's injuries. Although the damage issue in the two actions could be similar, this similarity is not sufficient to outweigh the right of the defendants to have the case tried in federal court. For these reasons, the Court finds that plaintiff's motion to amend should be denied.

<u>Denton v. Critikon, Inc.</u>, 137 F.R.D. 236, 237 -238 (M.D. La.1991).

[8]  Apotex asserts that 20 subpoenas were issued, medical records discovery is substantially complete, and an investigation into the death of decedent has been made.  In their joint motion to extend discovery deadline filed on November 26, 2008, and granted on December 3, 2008, the parties indicate that depositions are scheduled for the second week in December.

[9] Apotex's Answer and Affirmative Defenses, Rec. Doc. 23, Sixth Defense.

[i]t is conceivable that the State Court Defendants will successfully place blame and liability on the Federal Court Defendants for the Plaintiff's [sic] serious injuries and damages while at the same time the Federal Court Defendants could successfully place the liability and blame on the State Court Defendants for the Plaintiff's [sic] injuries and damages which could severely effect the Plaintiff's [sic] ability to recover for her personal injuries and damages. Conversely, it is feasible that the Plaintiff [sic] could receive multiple verdicts and judgments from two different jury panels which could eventually lead to a double recovery for the Plaintiffs if they are successful in placing blame in Federal Court on the current Federal Court Defendants and in State Court on the current State Court Defendants.

Clancy v. Zimmer, Inc., 2007 WL 969237, 6 (W. D. N.Y. 2007).

Furthermore, the instant case presents the common issue of inadequate warnings. Plaintiffs claim that Apotex's warnings concerning the risk of suicide associated with paroxetine were inadequate, and also that Dr. Concepcion and the Center are at fault for failing to warn the decedent's family of the signs of suicidal behavior in connection the drug.[10]

### *Conclusion*

For the foregoing reasons, plaintiffs will be allowed to amend their petition to name the non-diverse parties, Dr. Edgardo R. Concepcion, M.D. and Dr. Concepcion and Associates Therapeutic Center. This amendment divests this court of subject matter jurisdiction. Accordingly, an order of remand will be entered subject to a stay order to allow time for any appeal.

Signed at Lafayette, Louisiana, on December 10, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[10] Plaintiffs' reply (Rec. Doc. 62).